NC + HYBRIDS, A NEBRASKA CORPORATION, APPELLANT, V. GROWERS SEED ASSOCIATION, A TEXAS CORPORATION, APPELLEE.

422 N.W.2d 542

Filed April 21, 1988.    No. 86-359.

Terry R. Wittler of Cline, Williams, Wright, Johnson & Oldfather, for appellant.

J. Scott Paul of Boland, Mullin & Walsh, for appellee.

BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

This appeal arises out of garnishment proceedings instituted by NC+ Hybrids after *NC+ Hybrids v. Growers Seed Assn.*, 219 Neb. 296, 363 N.W.2d 362 (1985) (NC+'s previous appeal and unsuccessful effort to obtain reversal of an order discharging the garnishee insurance company ("Booker"), which had issued its policy to the judgment debtor (Growers Seed Association), indemnifying against damages sustained by NC+). As noted in our opinion disposing of NC+'s previous appeal, NC+ served garnishment interrogatories on Booker in 1982. In answers to the interrogatories, Booker admitted existence of its policy, but claimed that full payment had been made in accordance with the policy and denied any obligation for further payment under its policy. Because NC+ failed to apply for a determination of Booker's liability within 20 days after the garnishee's answers to NC+'s interrogatories, the district court discharged Booker from the garnishment proceedings. Neb. Rev. Stat. § 25-1030 (Reissue 1985), which was involved in NC+'s previous appeal, provided in part:

> The answer of the garnishee, if one has been filed, and the application for determination of the liability of the garnishee shall constitute the pleadings upon which trial of the issue of the liability of the garnishee shall be had. If

the plaintiff fails to file such application within twenty days, the garnishee shall be released and discharged.

In affirming the garnishee's discharge from the proceedings, we stated in *NC+ Hybrids v. Growers Seed Assn., supra* at 299-302, 363 N.W.2d at 365-66:

Garnishment is a legal, not equitable, remedy unknown at common law and is a purely statutory remedy. . . .

. . . .

In view of the nature of garnishment demanding an expeditious disposition of proceedings, it is reasonable that the Nebraska Legislature sought to protect a garnishee from often unnecessary and sometimes oppressive litigation. [Citation omitted.] To achieve prompt disposition the Legislature has specified a relatively short time for counteraction by a judgment creditor or garnisher in the event of any dissatisfaction with a garnishee's disclosure contained in answers to interrogatories, namely, a written application filed within 20 days in order to determine liability where a garnishee's answers negate a debt, property, or credit due the judgment debtor from the garnishee.

. . . The answers of the garnishee and the controverted answers or factual allegations in the garnisher's application constitute the pleading for disposition of the liability issue under § 25-1030. . . .

. . . .

If a garnisher is dissatisfied with a garnishee's answer but does not controvert or traverse the answer given, the garnishee's answer is the only filed pleading containing allegations or statements about property, funds, or credits of a judgment debtor, a solitary pleading which is taken as true and conclusive. . . .

. . . Because garnishment is a creature of statute, garnishment proceedings are necessarily governed by statutory provisions and specifications. Courts may not allow garnishment proceedings to follow any course other than that charted by the Legislature.

In December 1985, approximately 10 months after issuance of our opinion in *NC+ Hybrids, supra,* NC+ served the

insurance company, Booker, with garnishment interrogatories directed toward the same insurance policy which was the subject of the garnishment proceedings involved in *NC+ Hybrids v. Growers Seed Assn., supra*. Booker filed a "Motion to Quash or in the Alternative, Motion for Summary Judgment," alleging that the previous garnishment proceeding had been terminated by discharge of the garnishee and NC + 's interrogatories served in the subsequent garnishment proceeding are the same as those in the prior garnishment proceeding.

The district court sustained Booker's motion and struck NC + 's garnishment interrogatories served in 1985.

In its assignment of error, NC + contends: "The district court incorrectly held that dismissal of a prior attachment and garnishment which was based on procedural grounds, and not upon the merits of the action, was res judicata and barred any subsequent effort by the judgment creditor to recover from the garnishee." (Emphasis in original.)

Booker claims that the doctrine of res judicata justifies the district court's order striking NC + 's interrogatories.

In *Snyder v. Cox*, 1 Wash. App. 457, 462 P.2d 573 (1969), the plaintiff served garnishment interrogatories on the insurance company which had issued its policy to the defendant judgment debtors. In answer to the plaintiff's interrogatories, the insurance company denied it was indebted to the defendants. Snyder failed to controvert the insurance company's denial of indebtedness. Construing a garnishment statute with provisions substantially similar to § 25-1030, the *Snyder* court concluded that a plaintiff's traverse of the garnishee's denial of indebtedness was indispensable for further proceedings to determine the garnishee's liability and remarked:

> A review of the [garnishment] statutes indicates that a plaintiff is furnished a valuable remedy provided he complies with certain mandatory procedures. Inasmuch as compliance with the procedures has been declared mandatory, it is logical to conclude the legislature intended that a defendant's remedy for plaintiff's noncompliance have an equally imperative result.

1 Wash. App. at 461, 462 P.2d at 576.

Thus, when a plaintiff institutes a garnishment as a statutory remedy in aid of execution to satisfy a judgment, the plaintiff is bound by the mandatory provisions and consequences prescribed by the garnishment statutes. See, *NC + Hybrids v. Growers Seed Assn.*, 219 Neb. 296, 363 N.W.2d 362 (1985); *Snyder v. Cox, supra*.

"As a general rule, the word *shall* is considered mandatory and is inconsistent with the idea of discretion." *NC + Hybrids v. Growers Seed Assn., supra* at 302, 363 N.W.2d at 366. The words *release* and *discharge* have relatively popular and generally accepted meanings. *Release* means "to relieve from something that confines, burdens, or oppresses." Webster's Third New International Dictionary, Unabridged 1917 (1981). *Discharge* means "to relieve of a charge, load, or burden . . . to free from something that burdens . . . release from an obligation." *Id.* at 644.

We note that garnishment statutes provide for a trial as in any civil action if the plaintiff has filed an application for determination of the garnishee's liability and has properly notified the garnishee and the judgment debtor ("the defendant in the original action") concerning such trial to determine liability. See, Neb. Rev. Stat. §§ 25-1030.01 and 25-1030.02 (Reissue 1985).

The doctrine of res judicata is based on the principle that a final judgment on the merits by a court of competent jurisdiction is conclusive upon the parties in any later litigation involving the same cause of action. *Simpson v. City of North Platte*, 215 Neb. 351, 338 N.W.2d 450 (1983); *Vantage Enterprises, Inc. v. Caldwell*, 196 Neb. 671, 244 N.W.2d 678 (1976). In *Vantage Enterprises, supra*, this court expressed:

" ' "Any right, fact or matter in issue, and directly adjudicated upon, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies whether the claim or demand, purpose, or subject-matter of the two suits is the same or not." ' "

196 Neb. at 674, 244 N.W.2d at 680 (quoting *Wischmann v.*

*Raikes*, 168 Neb. 728, 97 N.W.2d 551 (1959)).

Res judicata is founded on a policy favoring termination of an action by preclusion or prevention of subsequent litigation on the same cause. See, *DeCosta Sporting Goods, Inc. v. Kirkland*, 210 Neb. 815, 316 N.W.2d 772 (1982); *Vantage Enterprises, Inc. v. Caldwell, supra*.

"A valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim." Restatement (Second) of Judgments § 19 at 161 (1982).

> The rule that a defendant's judgment acts as a bar to a second action on the same claim is based largely on the ground that fairness to the defendant, and sound judicial administration, require that at some point litigation over the particular controversy come to an end. These considerations may impose such a requirement even though the substantive issues have not been tried, especially if the plaintiff has failed to avail himself of opportunities to pursue his remedies in the first proceeding, or has deliberately flouted orders of the court.

The Restatement, *supra* at comment *a*. at 161-62.

NC+ suggests that discharge of a garnishee, when the plaintiff fails to file the application for determination of a garnishee's liability in accordance with § 25-1030, is analogous to a plaintiff's voluntarily dismissing a civil action without prejudice. See Neb. Rev. Stat. § 25-601(1) (Reissue 1985) (dismissal without prejudice by a plaintiff before submission of a case to the jury).

We cannot agree with NC+'s suggestion. In contrast with an ordinary civil action, submission of liability in a garnishment proceeding is not under the plaintiff's complete control. Once a plaintiff commences a garnishment, a garnishee has as much interest as the plaintiff in the determination whether the garnishee is liable for payment or delivery of property to the plaintiff. As we pointed out in *NC + Hybrids v. Growers Seed Assn.*, 219 Neb. 296, 300-01, 363 N.W.2d 362, 366 (1985): "The answers of the garnishee and the controverted answers or factual allegations in the garnisher's application constitute the pleading for disposition of the liability issue under § 25-1030."

If the plaintiff absolutely controlled the means to dispose of the liability question in a garnishment proceeding, the legislative objective of "prompt disposition" in garnishments would be frustrated. Therefore, while garnishment affords the plaintiff a remedy or means to satisfy a judgment, the garnishment statutes also embody a remedy and mechanism for the garnishee to obtain resolution of a question concerning the garnishee's liability and thereby avoid "unnecessary and sometimes oppressive litigation." When NC+ failed to file its responsive controversion of Booker's denial of liability and request a determination of the garnishee's liability, § 25-1030 prescribed an unequivocal and mandatory conclusion, "the garnishee shall be released and discharged," as ordered by the district court in the initial garnishment proceeding commenced by NC+ and affirmed in *NC+ Hybrids v. Growers Seed Assn., supra.*

Courts have applied the doctrine of res judicata to garnishment proceedings and have concluded that, when a garnishee answers and denies an obligation or indebtedness to the judgment debtor, but the plaintiff fails to contest, controvert, or traverse such denial by the garnishee, a subsequent judgment of discharge, as the result of the plaintiff's failure to respond, is a judgment on the merits as an adjudication of the garnishee's liability to the plaintiff for the obligation or indebtedness to the judgment debtor, which is the subject of the garnishment proceeding. See, *Knight v. Herring & McGehee*, 161 Ga. 58, 129 S.E. 526 (1925); *Ward v DAIIE*, 115 Mich. App. 30, 320 N.W.2d 280 (1982); *Snyder v. Cox*, 1 Wash. App. 457, 462 P.2d 573 (1969). See, also, 6 Am. Jur. 2d *Attachment and Garnishment* § 393 (1963); 38 C.J.S. *Garnishment* § 295 (1943).

Adhering to the policy embodied in the doctrine of res judicata, we now hold that, when a garnishee answers and denies an obligation or indebtedness to the judgment debtor, but the plaintiff fails to contest, controvert, or traverse such denial by the garnishee, a subsequent judgment of discharge, as the result of the plaintiff's failure to respond, is a judgment on the merits as an adjudication of the garnishee's liability to the plaintiff for the obligation or indebtedness to the judgment

debtor which is the subject of the garnishment proceeding.

In the previous garnishment instituted by NC + and the subsequent garnishment involved in this appeal, the obligation which NC + sought to subject to garnishment was any indebtedness which the garnishee (Booker) may have owed to its insured, the judgment debtor, as the result of the garnishee's policy of insurance. Booker's policy and consequent obligations to the judgment debtor are the same in both garnishments commenced by NC + . The question of Booker's liability which was raised in the previous garnishment is the same ultimate question raised in NC + 's subsequent garnishment proceeding. As the consequence of the mandatory disposition dictated by § 25-1030, Booker was released and discharged from liability in the previous garnishment proceeding when NC + failed to controvert or traverse Booker's denial of liability, as asserted in the answers to interrogatories, and failed to request a determination of the garnishee's liability. When Booker was released and discharged in NC + 's initial garnishment proceeding, that release and discharge resolved any question about Booker's liability to NC + in a garnishment based on Booker's policy obligation and indebtedness as subject matter for a garnishment. Booker's favorable judgment, as the result of NC + 's failure to take advantage of the opportunity to litigate the liability question, is the conclusion compelled by the very statutes under which NC + sought its remedy in garnishment. Res judicata precludes another determination of Booker's liability in garnishment because Booker, as a garnishee, has previously obtained a favorable judgment on NC + 's garnishment claim based on Booker's policy of insurance.

The district court's judgment is correct and is affirmed.

AFFIRMED.