ML Manager, LLC, and SOJ Loan, LLC, appellants, v.
Dale M. Jensen and Vicki S. Jensen, appellees, and
Pioneer Ventures, LLC, garnishee-appellee.

___ N.W.2d ___

Filed January 10, 2014.    No. S-12-1147.

1. **Garnishment: Appeal and Error.** Garnishment is a legal proceeding. To the extent factual issues are involved, the findings of a garnishment hearing judge have the effect of findings by a jury and, on appeal, will not be set aside unless clearly wrong.

2. **Statutes: Appeal and Error.** Statutory interpretation is a question of law that an appellate court resolves independently of the trial court.

3. **Garnishment: Statutes.** Garnishment in aid of execution is a legal remedy unknown at common law and was created by statute.

4. **Garnishment: Statutes: Case Disapproved.** As set out in Neb. Rev. Stat. § 25-2218 (Reissue 2008), the code of civil procedure, which encompasses the entirety of chapter 25 of the Nebraska Revised Statutes, should not be strictly construed. To the extent that *NC+ Hybrids v. Growers Seed Assn.*, 219 Neb. 296, 363 N.W.2d 362 (1985), and *Spaghetti Ltd. Partnership v. Wolfe*, 264 Neb. 365, 647 N.W.2d 615 (2002), or other Nebraska cases, have held that chapter 25 statutes in derogation of the common law are to be strictly construed, they are now disapproved on those grounds.

5. **Garnishment: Statutes: Appeal and Error.** Because the garnishment statutes are part of chapter 25 of the Nebraska Revised Statutes, an appellate court views them under the general rules of statutory interpretation.

6. **Statutes: Appeal and Error.** The rules of statutory interpretation require an appellate court to give effect to the entire language of a statute, and to reconcile different provisions of the statutes so they are consistent, harmonious, and sensible.

7. ____: ____. Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.

8. ____: ____. An appellate court will give effect to all parts of a statute and avoid rejecting as superfluous or meaningless any word, clause, or sentence.

9. **Statutes.** It is not within the province of a court to read a meaning into a statute that is not warranted by the legislative language.

10. **Garnishment: Legislature: Intent.** The Nebraska Legislature sought to protect a garnishee from the often unnecessary and sometimes oppressive litigation by demanding an expeditious disposition of garnishment proceedings.

11. **Garnishment: Notice.** A garnishee is not required to provide notice, through service or any other means, of the interrogatory answers to the garnishor.

Appeal from the District Court for Lancaster County: Stephanie F. Stacy, Judge. Affirmed.

Joel Bacon, of Keating, O'Gara, Nedved & Peter, P.C., L.L.O., for appellants.

Terry R. Wittler and Gregory S. Frayser, of Cline, Williams, Wright, Johnson & Oldfather, L.L.P., for garnishee-appellee.

HEAVICAN, C.J., CONNOLLY, STEPHAN, MILLER-LERMAN, and CASSEL, JJ.

PER CURIAM.

## NATURE OF CASE

This is an appeal from an order overruling an "Objection to Garnishee's Answers to Interrogatories" on the finding that the objection was filed after the 20-day time period set forth in Neb. Rev. Stat. § 25-1030 (Reissue 2008). ML Manager, LLC, and SOJ Loan, LLC (collectively ML Manager), contend that under § 25-1030, the 20-day time period should not begin until the garnishor receives notice. The issue presented as a matter of first impression is whether a garnishee must serve the garnishor with its interrogatory answers.

## BACKGROUND

ML Manager obtained a valid default judgment against Dale M. Jensen and Vicki S. Jensen for the principal amount of $52,024,377.16. On April 24, 2012, ML Manager had a summons and order of garnishment in aid of execution issued to Pioneer Ventures, LLC. Along with the summons, ML Manager served Pioneer Ventures with interrogatories. The summons stated that "[y]ou are required by law to answer the attached Interrogatories and file them in this court within 10 days of service of this Summons upon you."

On April 30, 2012, Pioneer Ventures timely filed its answers to the interrogatories with the clerk of the court. ML Manager was not served with the answers, but independently learned of the answers on May 7, 2012. On May 25, ML Manager filed an objection to the answers to interrogatories. ML Manager requested a hearing on the issues raised in its objection.

A hearing was held on the objections. No evidence was presented, and there is no bill of exceptions. In its order, the trial court ruled that ML Manager's objection was untimely under

§ 25-1030, because the objection was filed more than 20 days after Pioneer Ventures had filed its answers on April 30, 2012. ML Manager now appeals.

## ASSIGNMENTS OF ERROR

ML Manager assigns, restated and summarized, that the trial court erred by (1) ruling that the 20-day time limit of § 25-1030 began to run from when the answer was filed and not when ML Manager received actual notice, (2) not requiring service of the answers by Pioneer Ventures upon ML Manager, and (3) not permitting the objection even if the 20-day period had expired.

## STANDARD OF REVIEW

[1] Garnishment is a legal proceeding. To the extent factual issues are involved, the findings of a garnishment hearing judge have the effect of findings by a jury and, on appeal, will not be set aside unless clearly wrong.[1]

[2] Statutory interpretation is a question of law that an appellate court resolves independently of the trial court.[2]

## ANALYSIS

ML Manager argues that the 20-day period to file an application should not have begun until ML Manager had received actual notice that the interrogatory answers had been filed. In support of this contention, ML Manager argues that (1) the garnishment statutes require service and notice, (2) the rules of civil procedure require a garnishee to serve its answers, and (3) ML Manager should be excused for failing to file the objection within 20 days. We address these arguments in that order.

[3] Garnishment in aid of execution is a legal remedy unknown at common law and was created by statute.[3] Generally, in cases where a court enters judgment in favor of a creditor, the judgment creditor may, as garnishor, request that the court

---

[1] *Spaghetti Ltd. Partnership v. Wolfe*, 264 Neb. 365, 647 N.W.2d 615 (2002).

[2] *DMK Biodiesel v. McCoy*, 285 Neb. 974, 830 N.W.2d 490 (2013).

[3] See *Spaghetti Ltd. Partnership v. Wolfe, supra* note 1.

issue a summons of garnishment against any person or business owing money to the judgment debtor.[4] As garnishee, the person or business owing money to the judgment debtor must answer written interrogatories furnished by the garnishor to establish whether the garnishee holds any property or money belonging to or owed to the judgment debtor.[5] The garnishee is required to answer within 10 days from the date of service.[6] If the garnishor is not satisfied with the interrogatory answers, it has 20 days to file an application for determination of the liability of the garnishee.[7] Upon establishing through pleadings and trial that the garnishee holds property or credits of the judgment debtor, the garnishee must then pay such amounts to the court in satisfaction of the garnishor's judgment against the judgment debtor, subject to certain statutory exceptions with regard to wages.[8]

To determine whether the garnishee is required to provide service or notice, we must look to the statutes. Neb. Rev. Stat. § 25-1026 (Reissue 2008) explains how the garnishee should answer the interrogatories and states:

> The garnishee shall answer, under oath, all the interrogatories put to him touching the property of every description and credits of the defendant in his possession or under his control at the time of the service of the summons and interrogatories, and he shall disclose truly the amount owing by him to the defendant, whether due or not, and, in case of a corporation, any stock therein held by or for the benefit of the defendant, at the time of the service of the summons and interrogatories. The fee for filing of answer may be taxed and collected in the same manner as other costs in such proceedings.

Section 25-1056 specifies that "[t]he summons shall be returnable within ten days from the date of its issuance and

---

[4] See Neb. Rev. Stat. § 25-1056 (Reissue 2008).

[5] *Id*.

[6] *Id*.

[7] See § 25-1030.

[8] *Spaghetti Ltd. Partnership v. Wolfe, supra* note 1.

shall require the garnishee to answer within ten days from the date of service upon him or her." If the garnishee fails to answer, Neb. Rev. Stat. § 25-1028 (Reissue 2008) states the garnishee "shall be presumed to be indebted to the defendant." If the garnishee answers, § 25-1030 gives the garnishor an opportunity to challenge the garnishee's answers to the interrogatories. Section 25-1030 states, in its entirety:

If the garnishee appears and answers and his or her disclosure is not satisfactory to the plaintiff, or if he or she fails to comply with the order of the court, by delivering the property and paying the money owing into court, or giving the undertaking required in section 25-1029, the plaintiff may file an application within twenty days for determination of the liability of the garnishee. The application may controvert the answer of the garnishee, or may allege facts showing the existence of indebtedness of the garnishee to the defendant or of the property and credits of the defendant in the hands of the garnishee. The answer of the garnishee, if one has been filed, and the application for determination of the liability of the garnishee shall constitute the pleadings upon which trial of the issue of the liability of the garnishee shall be had. If the plaintiff fails to file such application within twenty days, the garnishee shall be released and discharged.

## Rules of Statutory Interpretation
## for Garnishment Statutes

Under our traditional rules of interpretation, if a statute is in derogation of common law, it is to be strictly construed.[9] Starting in 1985, we have repeatedly held that, being in derogation of common law, garnishment statutes should be strictly construed.[10] But in doing so, we ignored Neb. Rev. Stat.

---

[9] *Dykes v. Scotts Bluff Cty. Ag. Socy.*, 260 Neb. 375, 617 N.W.2d 817 (2000).

[10] *NC+ Hybrids v. Growers Seed Assn.*, 219 Neb. 296, 363 N.W.2d 362 (1985). See, *Spaghetti Ltd. Partnership v. Wolfe, supra* note 1; *J.K. v. Kolbeck*, 257 Neb. 107, 595 N.W.2d 875 (1999); *Torrison v. Overman*, 250 Neb. 164, 549 N.W.2d 124 (1996).

§ 25-2218 (Reissue 2008), which states that "[t]he rule of the common law that statutes in derogation thereof are to be strictly construed has no application to this code." The predecessor to § 25-2218 was originally codified in 1867, as part II, § 1, of Nebraska laws entitled "Code of Civil Procedure." At that time, § 1 had a second sentence that stated, "[i]ts provisions, and all proceedings under it, shall be liberally construed, with a view to promote its object, and assist the parties in obtaining justice."[11] This second sentence was removed when the language was codified under § 25-2218. In 1883, this court held that § 1 required the court to reject strict constructionism when interpreting any statute in the code of civil procedure.[12] And until 1985, § 1 and its successors, including § 25-2218, were accordingly used to reject strict construction of statutes within the code of civil procedure in favor of the standard rules of construction.[13]

In 1985, this court, relying on cases from Michigan and Wisconsin, applied strict construction to garnishment statutes for the first time.[14] In doing so, we seemingly overlooked § 25-2218. This was error.

[4] As set out in § 25-2218, the code of civil procedure, which encompasses the entirety of chapter 25 of the Nebraska Revised Statutes, should not be strictly construed. To the extent that *NC+ Hybrids v. Growers Seed Assn.*[15] and *Spaghetti Ltd. Partnership v. Wolfe*,[16] or other Nebraska cases, have held that Chapter 25 statutes in derogation of the common law are to be strictly construed, they are now disapproved on those grounds.

---

[11] Rev. Stat. pt. II, § 1, p. 394 (1867).

[12] *Kepley v. Irwin*, 14 Neb. 300, 15 N.W. 719 (1883).

[13] See, e.g., *Kearney Electric Co. v. Laughlin*, 45 Neb. 390, 63 N.W. 941 (1895); *Rine v. Rine*, 91 Neb. 248, 135 N.W. 1051 (1912); *McIntosh v. Standard Oil Co.*, 121 Neb. 92, 236 N.W. 152 (1931); *Orchard & Wilhelm Co. v. North*, 125 Neb. 723, 251 N.W. 895 (1933); and *Rogers v. Western Electric Co.*, 179 Neb. 359, 138 N.W.2d 423 (1965).

[14] *NC+ Hybrids v. Growers Seed Assn.*, supra note 10.

[15] *Id.*

[16] *Spaghetti Ltd. Partnership v. Wolfe*, supra note 1.

[5-9] Because the garnishment statutes are part of chapter 25, we will view them under our general rules of statutory interpretation. The rules of statutory interpretation require an appellate court to give effect to the entire language of a statute, and to reconcile different provisions of the statutes so they are consistent, harmonious, and sensible.[17] Statutory language is to be given its plain and ordinary meaning, and this court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.[18] We will give effect to all parts of a statute and avoid rejecting as superfluous or meaningless any word, clause, or sentence.[19] It is not within the province of a court to read a meaning into a statute that is not warranted by the legislative language.[20]

### Interpretation of Garnishment Statutes

A plain reading of § 25-1030 establishes that if the garnishee appears and answers, the plaintiff must file an application within 20 days. Nowhere in § 25-1030 is the garnishee required to serve its interrogatory answers or to provide any notice to the garnishor. Likewise, § 25-1026, which sets the requirements for how the garnishee shall answer the interrogatories, does not require service or notice.

ML Manager argues that § 25-1030 requires actual notice, because a garnishee's answer can only be "not satisfactory" to the garnishor if the garnishor knows the garnishee's answer. Such an interpretation is flawed because the inclusion of that language is to indicate why a garnishor would want to file an application for a trial. There is no indication in the remaining parts of the statute to indicate that the language was intended to create an actual notice requirement. It seems unlikely that the Legislature would intend to create a notice requirement for the 20-day time period so inconspicuously.

---

[17] *Amen v. Astrue*, 284 Neb. 691, 822 N.W.2d 419 (2012).

[18] *Id.*

[19] See *id.*

[20] *Id.*

In all other instances in the garnishment statutes, the Legislature has been explicit when it requires service and notice. Neb. Rev. Stat. § 25-1011(1) (Cum. Supp. 2012) states that "[t]he summons and order of garnishment and the interrogatories in duplicate, a notice to judgment debtor form, and a request for hearing form shall be served upon the garnishee in the manner provided for service of a summons in a civil action." Neb. Rev. Stat. § 25-1030.01 (Reissue 2008) requires the plaintiff to provide notice of a trial to the garnishee and defendants. Throughout the statutory scheme, the Legislature was explicit as to service by the garnishor, but was silent on requiring service of the interrogatory answers by the garnishee. This indicates that the Legislature intended to create separate requirements for the garnishor and garnishee on the issue of service and notice.

[10] We have previously stated that the statutory language indicates that the purpose of § 25-1030 was to create an expedited garnishment proceeding.[21] As a stranger to the proceedings in which a judgment has been obtained, a garnishee is normally an innocent third party exposed to inconvenience and hazards or expense of extended litigation.[22] The Nebraska Legislature sought to protect a garnishee from this often unnecessary and sometimes oppressive litigation by demanding an expeditious disposition of proceedings.[23] To achieve prompt disposition, the garnishment statutes have specified a relatively short time for counteraction by a judgment creditor or garnishor in the event of any dissatisfaction with a garnishee's disclosure contained in answers to interrogatories, namely, a written application filed within 20 days in order to determine liability where a garnishee's answers negate a debt, property, or credit due the judgment debtor from the garnishee.[24] While garnishment affords the plaintiff a remedy or means to satisfy a judgment, the garnishment statutes also

---

[21] *NC+ Hybrids v. Growers Seed Assn., supra* note 10.

[22] *Id.*

[23] *Id.*

[24] *Id.*

embody a remedy and mechanism for the garnishee to obtain resolution of a question concerning the garnishee's liability to avoid unnecessary litigation.[25] Therefore, we find that a purpose of § 25-1030 is to provide an expeditious disposition for the garnishee without imposing an additional burden of requiring the garnishee to serve the garnishor with answers.

ML Manager argues that we should interpret the garnishment statute in a manner consistent with notions of due process. In general terms, a litigant has the due process right to adequate notice or of the opportunity to be heard.[26] We have stated that if a statute is constitutionally suspect, we endeavor to interpret it in a manner consistent with the Constitution.[27] ML Manager argues that notions of due process would be violated if the statute does not require service.

We disagree. Although the statute does not require the garnishee to provide notice through service, the statute does provide adequate notice and an opportunity to be heard. After the garnishor serves the garnishee with the summons and interrogatories, the garnishee is required to answer within 10 days.[28] On day eleven, the garnishor can ask the clerk of the court whether an answer has been filed. This simple procedure provides the garnishor with adequate notice. The garnishor then has the opportunity to file an application that challenges the filed answers and requests a hearing to settle the matter. Even if the answer had been filed by the garnishee on the day it received the interrogatories, the garnishor on day eleven would have 9 days to file its application. This procedure provides the garnishor with an opportunity to be heard.

[11] Therefore, we find that the garnishment statutes, when read as a whole, do not require the garnishee to provide notice, through service or any other means. This construction

---

[25] *NC+ Hybrids v. Growers Seed Assn.*, 228 Neb. 306, 422 N.W.2d 542 (1988).

[26] See *Marshall v. Wimes*, 261 Neb. 846, 626 N.W.2d 229 (2001).

[27] *State v. Sinica*, 220 Neb. 792, 372 N.W.2d 445 (1985).

[28] See § 25-1056.

is consistent with the meaning of the statute, the Legislature's intent, and the notions of due process.

Next, ML Manager argues that even if the garnishment statutes do not require notice and service, service is required by Nebraska's rules of civil procedure. ML Manager directs our attention to Neb. Ct. R. Pldg. § 6-1105(a) (rev. 2008), which states that "every pleading subsequent to the original complaint . . . shall be served upon each of the parties." An answer to an interrogatory is a pleading.[29] Thus, ML Manager argues the 20-day period could not have run, because the answer was not served.

However, Neb. Ct. R. Pldg. § 6-1101 states that the rules of civil procedure "apply to the extent not inconsistent with statutes governing such matters." It continues that the rules of civil procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."

Having established that the garnishment statutes do not require service, we find that § 6-1101 of the rules of pleading is inconsistent with the statutes that govern this matter. Section 6-1101 requires this court to apply the more specific garnishment statutes, which do not require service. This construction is consistent with the rules of civil procedure's purpose of securing a just, speedy, and inexpensive determination of every action.

Finally, ML Manager argues that the trial court abused its discretion in refusing to permit the filing of the objection after the 20 days had passed. ML Manager argues that the facts of this case establish excusable neglect that should entitle it to relief.

ML Manager cites *Underwriters v. Cannon*,[30] a 1975 case from the Oklahoma Supreme Court. In *Underwriters*, the plaintiff failed to answer within 20 days and filed an "'APPLICATION FOR EXTENSION OF TIME'" after the

---

[29] See *NC+ Hybrids v. Growers Seed Assn.*, *supra* note 25.

[30] *Underwriters v. Cannon*, 538 P.2d 210 (Okla. 1975).

deadline had expired.[31] The trial court granted the extension of time. The Oklahoma Supreme Court affirmed and stated that nothing "persuades us to depart from our position that the extension of time within which to file pleadings in a garnishment proceeding is a matter properly within the sound judicial discretion of the trial court."[32]

Without deciding whether our garnishment statutes would permit a trial court to grant an extension of time to file the objection, we find that the trial court did not abuse its discretion in denying ML Manager's request to excuse the late filing. ML Manager has presented no valid reason, other than ignorance, as to why it failed to file its objection on time. ML Manager received actual notice of the answer well before the 20-day period had expired and had ample time to answer. The trial court did not abuse its discretion in denying the extension.

## CONCLUSION

We hold that the garnishment statutes do not require the garnishee to serve, or give notice to, the garnishor of the interrogatory answers. Such an interpretation is consistent with the plain meaning of the statutes, the statutes' purpose to lessen the burden on the garnishee as an innocent third party, and the basic notions of due process. The decision of the trial court is affirmed.

AFFIRMED.

McCORMACK, J., participating on briefs.
WRIGHT, J., not participating.

---

[31] *Id.* at 211.

[32] *Id.* at 212.