Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/29/2016 09:07 AM CDT

James Huntington et al., appellants, v.
Donald H. Pedersen et al., appellees, and
K.C. Engdahl, garnishee-appellee.

___ N.W.2d ___

Filed July 29, 2016.    No. S-14-1134.

1. **Garnishment: Appeal and Error.** Garnishment is a legal proceeding. To the extent factual issues are involved, the findings of a garnishment hearing judge have the effect of findings by a jury and, on appeal, will not be set aside unless clearly wrong.
2. **Statutes: Appeal and Error.** Statutory interpretation is a question of law that an appellate court resolves independently of the trial court.
3. **Garnishment: Statutes.** Garnishment in aid of execution is a legal remedy unknown at common law and was created by statute.
4. **Garnishment: Liability: Service of Process: Time.** A garnishee's liability is to be determined as of the time of the service of the summons in garnishment.
5. **Garnishment: Liability: Proof.** In an action to determine the liability of the garnishee, the plaintiff has the burden to establish why the garnishee was liable to the defendant at the time notice of garnishment was served.
6. **Garnishment: Pleadings.** The plaintiff is required to frame the issues in garnishment proceedings and does so through the application to determine liability.
7. **Statutes: Appeal and Error.** The rules of statutory interpretation require an appellate court to give effect to the entire language of a statute, and to reconcile different provisions of the statutes so they are consistent, harmonious, and sensible.
8. ____: ____. The language of a statute is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.

9. **Statutes.** A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless.

10. **Words and Phrases.** As a general rule, the use of the word "shall" is considered to indicate a mandatory directive, inconsistent with the idea of discretion.

11. **Garnishment: Legislature: Intent.** The Nebraska Legislature sought to protect a garnishee from the often unnecessary and sometimes oppressive litigation by demanding an expeditious disposition of garnishment proceedings.

12. **Garnishment: Liability: Time.** To achieve prompt disposition, the garnishment statutes have specified a relatively short time for counteraction by a judgment creditor or garnishor in the event of any dissatisfaction with a garnishee's disclosure contained in answers to interrogatories, namely, a written application filed within 20 days in order to determine liability where a garnishee's answers negate a debt, property, or credit due the judgment debtor from the garnishee.

13. **Garnishment: Liability.** While garnishment affords the plaintiff a remedy or means to satisfy a judgment, the garnishment statutes also embody a remedy and mechanism for the garnishee to obtain resolution of a question concerning the garnishee's liability to avoid unnecessary litigation.

14. **Judgments: Res Judicata.** Claim preclusion bars the relitigation of a matter that has been directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions.

15. **Res Judicata.** Claim preclusion bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action.

16. ____. Claim preclusion rests on the necessity to terminate litigation and on the belief that a person should not be vexed twice for the same cause.

17. **Garnishment: Pleadings: Liability.** In a garnishment proceeding, the answers to interrogatories and the application to determine garnishee liability are the only pleadings for disposition of the liability issue.

18. ____: ____: ____. Although filed earlier in time, an answer to interrogatories which states that a garnishee has no property, money, or credit due and owing to the judgment debtor acts as a denial of all issues presented by the application to determine garnishee liability filed by the garnishor.

Appeal from the District Court for Douglas County: J RUSSELL DERR, Judge. Affirmed.

Theodore R. Boecker, Jr., of Boecker Law, P.C., L.L.O., for appellants.

K.C. Engdahl, pro se.

HEAVICAN, C.J., WRIGHT, CONNOLLY, MILLER-LERMAN, CASSEL, STACY, and KELCH, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Judgment creditors James Huntington, Tony C. Clark, and Professional Management Midwest, Inc. (collectively the appellants) served garnishment interrogatories on the judgment debtors' attorney, K.C. Engdahl, on two occasions. On both occasions, Engdahl responded that he did not have any property belonging to the judgment debtors. The appellants did not challenge Engdahl's answers in the first garnishment proceeding; however, they did file an application to determine Engdahl's garnishment liability in response to Engdahl's answers in the second garnishment proceeding. The second garnishment proceeding gives rise to this appeal. The district court for Douglas County overruled the appellants' motion to determine garnishment liability, based upon its determination that when the appellants did not file a motion to determine Engdahl's liability after he responded to the first garnishment interrogatories, he was released and discharged as to the property sought therein and, based on claim preclusion, such property could not be sought again by the appellants in this second garnishment proceeding. The appellants appeal. We affirm.

## STATEMENT OF FACTS

The original action underlying this case was brought by the appellants against Donald H. Pedersen, Marcee Pedersen, and Practice Business Consultants LLC (collectively the debtors)

and two other defendants not at issue in this appeal. The original litigation between the parties resulted in several judgments against the debtors in favor of the appellants in excess of $2 million. On July 31, 2013, the district court filed an amended judgment which specifically set forth the amounts owed by the debtors to the appellants.

On August 23, 2013, Engdahl filed a notice of appeal on behalf of the debtors from the July 31 amended judgment, and that appeal was filed in the Nebraska Court of Appeals as case No. A-13-733. That is not the appeal currently before us. The debtors paid Engdahl $15,000 to prosecute the appeal. The Court of Appeals issued a show cause order directing the parties to demonstrate that "there had been a full disposition of all the claims as to all the parties to the action" and, if not, to show why the appeal should not be dismissed for lack of jurisdiction. The debtors' appeal was subsequently dismissed for lack of jurisdiction.

After the July 31, 2013, amended judgment in the underlying action was filed, the appellants made two failed garnishment attempts to collect on the judgments from Engdahl, the debtors' attorney. The appellants' first garnishment attempt occurred in 2013. The appellants had issued three "Summons[es] and Order[s] of Garnishment in Aid of Execution" of the amended judgment, each dated August 29, 2013, as to three debtors. The summonses were served on Engdahl as garnishee. On September 11, Engdahl filed answers to the interrogatories attached to the summonses, in which answers he indicated that he did not have any property belonging to the debtors. The appellants did not file an application to determine Engdahl's garnishment liability following his answers to the 2013 interrogatories.

In June 2014, a debtor's examination was held, at which Donald testified. He stated that he had paid Engdahl a flat attorney fee in the amount of $15,000 to prosecute the appeal of the July 31, 2013, amended judgment. Donald testified that he could not remember with specificity the date that he

delivered the money orders to Engdahl; however, copies of the money orders Donald used to pay Engdahl were dated August 23, 2013. As noted, also on August 23, Engdahl filed the notice of appeal, and it was after that date that Engdahl filed his answers, on September 11.

Following the debtor's examination, the appellants' second garnishment attempt against Engdahl occurred. On June 30, 2014, the appellants had issued a summons and order of garnishment in aid of execution of the July 31, 2013, amended judgment with respect to Donald. Engdahl was served on July 3, 2014. Engdahl's answers to interrogatories related to the second garnishment were signed by Engdahl on July 7 and filed with the court on July 9. Engdahl again stated that he was not in possession of any property belonging to or owed to the debtor Donald.

On July 18, 2014, the appellants filed a motion to determine garnishee liability. In their motion, the appellants stated that Engdahl did not earn some or all of the $15,000 attorney fee paid to him by the debtors for the appeal in case No. A-13-733 and that therefore, the money belonged to the debtors. The motion further stated that Donald had made a demand upon Engdahl for the return of the $15,000 attorney fee, but that Engdahl had refused the demand.

A hearing was conducted. In an order filed November 18, 2014, the district court determined that the appellants were seeking to garnish the $15,000 attorney fee in this second garnishment proceeding but that application of Neb. Rev. Stat. § 25-1030 (Reissue 2008) precluded relief for the appellants. Section 25-1030 states in relevant part:

> If the garnishee appears and answers and his or her disclosure is not satisfactory to the plaintiff . . . the plaintiff may file an application within twenty days for determination of the liability of the garnishee. The application may controvert the answer of the garnishee, or may allege facts showing the existence of indebtedness of the garnishee to the defendant or of the property and

credits of the defendant in the hands of the garnishee. The answer of the garnishee, if one has been filed, and the application for determination of the liability of the garnishee shall constitute the pleadings upon which trial of the issue of the liability of the garnishee shall be had. If the plaintiff fails to file such application within twenty days, the garnishee shall be released and discharged.

The district court found that when Engdahl filed his answers to the first garnishment interrogatories in September 2013, he was already in possession of the $15,000 attorney fee payment. Thus, to the extent that the appellants wanted to challenge Engdahl's interrogatory answers filed September 11, 2013, stating that he was not in possession of funds of the debtors including Donald, § 25-1030 required the filing of an application to determine Engdahl's garnishment liability within 20 days of Engdahl's September 11 answers to the 2013 interrogatories. The district court stated that because the appellants did not file an application to determine Engdahl's liability within 20 days of Engdahl's answers to the first garnishment interrogatories, Engdahl stood "released and discharged as to those funds." Because Engdahl had been released and discharged as to the attorney fee funds in the first garnishment proceeding, the district court concluded that the appellants were precluded from collecting those same funds in the second garnishment proceeding.

The appellants appeal the November 18, 2014, order.

## ASSIGNMENT OF ERROR

The appellants generally assign, consolidated and restated, that the district court erred when it failed to find that Engdahl was liable to the appellants for the second garnishment served upon him and overruled the appellants' motion to determine Engdahl's garnishment liability.

## STANDARDS OF REVIEW

[1] Garnishment is a legal proceeding. To the extent factual issues are involved, the findings of a garnishment hearing

judge have the effect of findings by a jury and, on appeal, will not be set aside unless clearly wrong. *ML Manager v. Jensen*, 287 Neb. 171, 842 N.W.2d 566 (2014).

[2] Statutory interpretation is a question of law that an appellate court resolves independently of the trial court. *In re Interest of Isabel P. et al.*, 293 Neb. 62, 875 N.W.2d 848 (2016).

## ANALYSIS

The appellants generally claim that the district court erred when it determined that Engdahl was not liable on the second garnishment, which the appellants served on Engdahl in 2014, and when the court overruled the appellants' motion to determine Engdahl's liability. The appellants make several arguments generally challenging the district court's reasoning to the effect that the appellants' failure to challenge Engdahl's first answers to interrogatories in 2013 precluded their attempt to collect the same funds from Engdahl in this second garnishment proceeding. As explained below, we find no merit to the appellants' arguments.

[3] The subject of this appeal arises out of a garnishment. With respect to garnishment proceedings, we have recently stated:

Garnishment in aid of execution is a legal remedy unknown at common law and was created by statute. Generally, in cases where a court enters judgment in favor of a creditor, the judgment creditor may, as garnishor, request that the court issue a summons of garnishment against any person or business owing money to the judgment debtor. As garnishee, the person or business owing money to the judgment debtor must answer written interrogatories furnished by the garnishor to establish whether the garnishee holds any property or money belonging to or owed to the judgment debtor. The garnishee is required to answer within 10 days from the date of service. If the garnishor is not satisfied with the

interrogatory answers, it has 20 days to file an application for determination of the liability of the garnishee. Upon establishing through pleadings and trial that the garnishee holds property or credits of the judgment debtor, the garnishee must then pay such amounts to the court in satisfaction of the garnishor's judgment against the judgment debtor, subject to certain statutory exceptions with regard to wages.

*ML Manager v. Jensen*, 287 Neb. at 173-74, 842 N.W.2d at 570.

If the garnishee's answers to the interrogatories are not satisfactory to the garnishor, § 25-1030 provides the garnishor with the opportunity to challenge the garnishee's answers to the interrogatories. Section 25-1030 states, in its entirety:

If the garnishee appears and answers and his or her disclosure is not satisfactory to the plaintiff, or if he or she fails to comply with the order of the court, by delivering the property and paying the money owing into court, or giving the undertaking required in section 25-1029, the plaintiff may file an application within twenty days for determination of the liability of the garnishee. The application may controvert the answer of the garnishee, or may allege facts showing the existence of indebtedness of the garnishee to the defendant or of the property and credits of the defendant in the hands of the garnishee. The answer of the garnishee, if one has been filed, and the application for determination of the liability of the garnishee shall constitute the pleadings upon which trial of the issue of the liability of the garnishee shall be had. If the plaintiff fails to file such application within twenty days, the garnishee shall be released and discharged.

We note, as an initial matter and as explained by the appellants to this court on appeal in both the first and second garnishments, the appellants sought to subject to garnishment all property or indebtedness which Engdahl may have had or

owed to the debtors. Thus, as it relates to the $15,000 attorney fee, the appellants sought to garnish the same payment of attorney fees to Engdahl in both the first and second garnishment proceedings.

With respect to the first garnishment, the record contains three summonses in aid of execution that were served on Engdahl which sought any property or indebtedness owed by Engdahl to the debtors. Engdahl filed his answers to the interrogatories attached to these summonses on September 11, 2013, in which answers he stated that he held no property belonging to the debtors; and, as noted, the appellants did not file an application to determine Engdahl's garnishment liability.

[4] We have stated that a garnishee's liability is to be determined as of the time of the service of the summons in garnishment. *Spaghetti Ltd. Partnership v. Wolfe*, 264 Neb. 365, 647 N.W.2d 615 (2002), *disapproved on other grounds, ML Manager v. Jensen*, 287 Neb. 171, 842 N.W.2d 566 (2014). In its order filed November 18, 2014, from which this appeal is taken, the district court found that Donald had paid Engdahl $15,000 to represent him in the appeal of the underlying case. It is undisputed that Engdahl filed the notice of appeal for the underlying case on August 23, 2013, and that the appeal was pending at the time the first garnishment was filed and Engdahl was served. The court specifically found that the $15,000 payment was in Engdahl's possession at the time the first garnishment was served. The district court stated: "Engdahl had been paid the [$15,000] funds and was in possession of the funds by the time he received the first garnishment interrogatory in September, 2013." To the extent factual issues are involved, the findings of a garnishment hearing judge have the effect of findings by a jury and, on appeal, will not be set aside unless clearly wrong. *ML Manager v. Jensen, supra*. Upon our review of the record, we cannot say that the district court's finding that Engdahl possessed the $15,000 at the time the first garnishment was

served was clearly wrong, and therefore, such finding will not be set aside. Thus, for purposes of our analysis, we accept the district court's finding that Engdahl had been paid and was in possession of the $15,000 attorney fee at the time he filed his first answers to interrogatories denying he owed any amount to the debtors.

With respect to the second garnishment, the record contains a summons in aid of execution that was served on Engdahl seeking any property or indebtedness owed by Engdahl to the judgment debtor Donald. Engdahl filed his answers to the second interrogatories on July 9, 2014, again stating that he held no property belonging to Donald. Within 20 days of Engdahl's answers to the second interrogatories, the appellants filed their motion to determine Engdahl's garnishment liability. In the motion, the appellants alleged that Donald had paid Engdahl a $15,000 attorney fee to prosecute the appeal of the underlying case, that Engdahl had not earned some or all of the $15,000 payment, and that thus, the money belonged to Donald and Engdahl was liable for that amount.

[5,6] In their application, the appellants specified that they were seeking to garnish the $15,000 attorney fee payment and alleged that Engdahl was liable for that amount. In an action to determine the liability of the garnishee, the plaintiff has the burden to establish why the garnishee was liable to the defendant at the time notice of garnishment was served. *Gerdes v. Klindt*, 253 Neb. 260, 570 N.W.2d 336 (1997). The plaintiff is required to frame the issues in the garnishment proceedings and does so through the application to determine liability. *Id*. Based on the foregoing principles and given the findings of the district court, the $15,000 payment sought to be garnished by the appellants was the subject of both the first and second garnishments. In other words, the appellants sought to garnish the same property in both the first and second garnishment proceedings.

Having established that the appellants sought to garnish the same property, specifically the $15,000 payment, in both the

first and second garnishment proceedings, we must determine what legal effect the first garnishment proceeding had on the second garnishment proceeding. In doing so, we apply the garnishment statutes, specifically § 25-1030, quoted above. We recently clarified the application of the rules of statutory interpretation to garnishment statutes. In *ML Manager v. Jensen*, 287 Neb. 171, 842 N.W.2d 566 (2014), we recognized that in earlier cases, we had stated that because garnishment statutes were in derogation of common law, they were to be strictly construed; however, we noted that by stating this in our prior cases, we ignored Neb. Rev. Stat. § 25-2218 (Reissue 2008), which provides that "[t]he rule of the common law that statutes in derogation thereof are to be strictly construed has no application to this code." Therefore, we held in *ML Manager* that "[b]ecause the garnishment statutes are part of chapter 25, we will view them under our general rules of statutory interpretation." 287 Neb. at 177, 842 N.W.2d at 572.

[7-9] Regarding our general rules of statutory interpretation, we have stated that the rules of statutory interpretation require an appellate court to give effect to the entire language of a statute, and to reconcile different provisions of the statutes so they are consistent, harmonious, and sensible. *Hoppens v. Nebraska Dept. of Motor Vehicles*, 288 Neb. 857, 852 N.W.2d 331 (2014). The language of a statute is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *In re Estate of Alberts*, 293 Neb. 1, 875 N.W.2d 427 (2016). A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless. *Village at North Platte v. Lincoln Cty. Bd. of Equal.*, 292 Neb. 533, 873 N.W.2d 201 (2016).

We apply these rules to § 25-1030. In this case, in response to the first garnishment interrogatories, Engdahl stated that

he did not have any property belonging to the debtors. Under § 25-1030, the appellants had the opportunity to challenge Engdahl's answers to the interrogatories by filing an application to determine garnishee liability within 20 days of Engdahl's answers. Section 25-1030 provides in part that "[i]f the garnishee appears and answers and his or her disclosure is not satisfactory to the plaintiff . . . the plaintiff may file an application within twenty days for determination of the liability of the garnishee."

[10] However, the appellants failed to file an application to determine Engdahl's garnishment liability within 20 days after Engdahl filed his answers to the first interrogatories. Section 25-1030 provides that "[i]f the plaintiff fails to file such application within twenty days, the garnishee shall be released and discharged." As a general rule, the use of the word "shall" is considered to indicate a mandatory directive, inconsistent with the idea of discretion. *Flores v. Flores-Guerrero*, 290 Neb. 248, 859 N.W.2d 578 (2015). In considering § 25-1030, we have stated:

> The words *release* and *discharge* have relatively popular and generally accepted meanings. *Release* means "to relieve from something that confines, burdens, or oppresses." Webster's Third New International Dictionary, Unabridged 1917 (1981). *Discharge* means "to relieve of a charge, load, or burden . . . to free from something that burdens . . . release from an obligation." *Id*. at 644.

*NC+ Hybrids v. Growers Seed Assn.*, 228 Neb. 306, 310, 422 N.W.2d 542, 545 (1988) (*NC+ Hybrids II*) (emphasis in original). Accordingly, under the plain language of § 25-1030, if a garnishor fails to file an application to determine the garnishee's liability within 20 days of when the garnishee's answers to interrogatories are filed, the statute "prescribe[s] an unequivocal and mandatory conclusion" that the garnishee shall be released and discharged. *NC+ Hybrids II*, 228 Neb. at 312, 422 N.W.2d at 546.

[11-13] This reading of the plain language of the statute is consistent with our previous pronouncements regarding § 25-1030. We have previously stated that the statutory language indicates that the purpose of § 25-1030 was to create an expedited garnishment proceeding. *ML Manager v. Jensen*, 287 Neb. 171, 842 N.W.2d 566 (2014); *NC+ Hybrids v. Growers Seed Assn.*, 219 Neb. 296, 363 N.W.2d 362 (1985) (*NC+ Hybrids I*), *disapproved on other grounds, ML Manager v. Jensen, supra*. As a stranger to the proceedings in which a judgment has been obtained, a garnishee is normally an innocent third party exposed to inconvenience and hazards or expense of extended litigation. *Id*. The Nebraska Legislature sought to protect a garnishee from this often unnecessary and sometimes oppressive litigation by demanding an expeditious disposition of proceedings. *Id*. To achieve prompt disposition, the garnishment statutes have specified a relatively short time for counteraction by a judgment creditor or garnishor in the event of any dissatisfaction with a garnishee's disclosure contained in answers to interrogatories, namely, a written application filed within 20 days in order to determine liability where a garnishee's answers negate a debt, property, or credit due the judgment debtor from the garnishee. *Id*. While garnishment affords the plaintiff a remedy or means to satisfy a judgment, the garnishment statutes also embody a remedy and mechanism for the garnishee to obtain resolution of a question concerning the garnishee's liability to avoid unnecessary litigation. *ML Manager v. Jensen, supra*; *NC+ Hybrids II*.

The history of the action reflected in our opinion in *NC+ Hybrids II* is factually similar to the present case. In that case, the garnishor failed to challenge the garnishee's answers to initial garnishment interrogatories by filing an application to determine the garnishee's liability within 20 days of the garnishee's initial answers, and accordingly, judgment was entered in favor of the garnishee which discharged the garnishee of liability. We affirmed the order of discharge on

appeal. See *NC+ Hybrids I*. The garnishor filed a subsequent garnishment against the garnishee which was directed toward the same property that was at issue in the initial garnishment proceeding. The garnishee claimed that the initial garnishment proceeding had been terminated by discharge of the garnishee and that the garnishor's interrogatories served in the subsequent garnishment proceeding were not valid. The district court agreed with the garnishee.

[14-16] In affirming the district court's decision in *NC+ Hybrids II*, we looked to the doctrine of res judicata, now called claim preclusion. Claim preclusion bars the relitigation of a matter that has been directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. See *Hara v. Reichert*, 287 Neb. 577, 843 N.W.2d 812 (2014). The doctrine bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action. *Id*. The doctrine rests on the necessity to terminate litigation and on the belief that a person should not be vexed twice for the same cause. *Id*.

In *NC+ Hybrids II*, we determined that when a garnishor fails to file an application to determine garnishment liability in order to challenge the garnishee's answers to interrogatories, the resulting judgment of discharge of the garnishee pursuant to § 25-1030 is a judgment on the merits as an adjudication of the garnishee's liability. In *NC+ Hybrids II*, we observed that the garnishor's subsequent garnishment sought to garnish the same property or indebtedness as had been sought in the initial garnishment and that therefore, "[t]he question of [the garnishee's] liability which was raised in the previous garnishment is the same ultimate question raised in [the garnishor's] subsequent garnishment proceeding." 228 Neb. at 313, 422 N.W.2d at 546. We determined that res

judicata precluded another determination of the garnishee's liability in the subsequent garnishment proceeding, because the garnishee had already obtained a favorable judgment on the garnishor's garnishment claim based on the same property or indebtedness.

In *NC+ Hybrids II*, we specifically held:

> Adhering to the policy embodied in the doctrine of res judicata, we now hold that, when a garnishee answers and denies an obligation or indebtedness to the judgment debtor, but the plaintiff fails to contest, controvert, or traverse such denial by the garnishee, a subsequent judgment of discharge, as the result of the plaintiff's failure to respond, is a judgment on the merits as an adjudication of the garnishee's liability to the plaintiff for the obligation or indebtedness to the judgment debtor which is the subject of the garnishment proceeding.

228 Neb. at 312-13, 422 N.W.2d at 546. In addition, we noted in *NC+ Hybrids II* that other "[c]ourts have applied the doctrine of res judicata to garnishment proceedings" under similar procedural histories. 228 Neb. at 312, 422 N.W.2d at 546 (citing cases).

In the present case, similarly to *NC+ Hybrids II*, the property the appellants sought to garnish in the first garnishment proceeding has been found to be the same as the property sought in the second garnishment proceeding, herein specifically the $15,000 attorney fee Donald paid to Engdahl. In the first garnishment proceeding, when the appellants failed to file an application to determine Engdahl's garnishment liability after Engdahl filed his answers to the interrogatories stating that he had no property belonging to the debtors, Engdahl was "released and discharged" pursuant to § 25-1030. This discharge was tantamount to a judgment on the merits as an adjudication of Engdahl's liability to the appellants for the obligation or indebtedness of the debtors which was the subject of the first garnishment proceeding. See *NC+ Hybrids II*.

[17,18] In the second garnishment proceeding, Engdahl again stated in his answers to the interrogatories that he held no property belonging to the debtor Donald. The appellants subsequently filed their motion to determine Engdahl's garnishment liability. In a garnishment proceeding, the answers to interrogatories and the application to determine garnishee liability are the only pleadings for disposition of the liability issue. *Spaghetti Ltd. Partnership v. Wolfe*, 264 Neb. 365, 647 N.W.2d 615 (2002), *disapproved on other grounds, ML Manager v. Jensen*, 287 Neb. 171, 842 N.W.2d 566 (2014); *Gerdes v. Klindt*, 253 Neb. 260, 570 N.W.2d 336 (1997). See, also, § 25-1030 (stating that "[t]he answer of the garnishee, if one has been filed, and the application for determination of the liability of the garnishee shall constitute the pleadings upon which trial of the issue of the liability of the garnishee shall be had"). Although filed earlier in time, an answer to interrogatories which states that a garnishee has no property, money, or credit due and owing to the judgment debtor acts as a denial of all issues presented by the application to determine garnishee liability filed by the garnishor. See *Gerdes v. Klindt, supra*. In their motion to determine Engdahl's garnishment liability, the appellants specified that they sought to garnish the $15,000 attorney fee payment given to Engdahl by Donald. The appellants did not allege another or a new basis for claiming that Engdahl held property of one of the appellants. The issue framed was limited to the $15,000 attorney fee.

Because the first garnishment interrogatories were addressed to any property or indebtedness Engdahl owed the appellants and Engdahl was found to have been in possession of the $15,000 attorney fee at the time summons were served on Engdahl in the first garnishment, the unchallenged first garnishment answers resulted in a judgment on the merits in favor of Engdahl as garnishee as to the subject of the first proceeding. The question of Engdahl's liability which was raised in the first garnishment is the same ultimate question raised in

the appellants' second garnishment proceeding, and therefore, the appellants' motion to determine Engdahl's garnishment liability in connection with the second garnishment proceeding was effectively precluded. See *NC+ Hybrids II*. The district court did not err when it overruled the appellants' motion to determine Engdahl's garnishment liability.

## CONCLUSION

When the appellants did not file a motion to determine Engdahl's liability after he responded to the first garnishment interrogatories, he was released and discharged as to the property sought therein and, based on claim preclusion, such property could not be sought again by the appellants in this second garnishment proceeding. The district court did not err when it overruled the appellants' motion to determine Engdahl's garnishment liability in the second garnishment proceeding. Accordingly, we affirm.

AFFIRMED.