Nebraska Supreme Court Online Library
www.nebraska.gov/courts/epub/
03/11/2016 08:15 AM CST

In re Estate of Emil C. Alberts, deceased.
Mark Alberts and Mike Alberts, in their individual
capacities and as Copersonal Representatives
and Cotrustees, appellants, v.
Lois M. Alberts, appellee.

___ N.W.2d ___

Filed March 11, 2016.    No. S-15-173.

1. **Decedents' Estates: Appeal and Error.** An appeal from the county court's allowance or disallowance of a claim in probate will be heard as an appeal from an action at law. In reviewing a judgment of the probate court in a law action, an appellate court does not reweigh evidence, but considers the evidence in the light most favorable to the successful party and resolves evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. The probate court's factual findings have the effect of a verdict and will not be set aside unless clearly erroneous.

2. **Judgments: Appeal and Error.** On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.

3. **Statutes: Appeal and Error.** The language of a statute is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.

4. ____: ____. When construing a statute, an appellate court must look to the statute's purpose and give to the statute a reasonable construction which best achieves that purpose, rather than a construction which would defeat it.

5. **Attorney and Client.** The power of the attorney to act for his client in an action is to be considered valid and sufficient until disproved.

6. **Statutes: Appeal and Error.** An appellate court may not add language to the plain terms of a statute to restrict its meaning.

Appeal from the County Court for Custer County: TAMI K. SCHENDT, Judge. Affirmed in part, and in part reversed and remanded with directions.

William J. Lindsay, Jr., of Gross & Welch, P.C., L.L.O., and Steve Windrum, of Malcom, Nelsen & Windrum, L.L.C., for appellants.

Gregory C. Scaglione and John V. Matson, of Koley Jessen, P.C., L.L.O., and Claude E. Berreckman, of Berreckman & Davis, P.C., for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, CASSEL, and STACY, JJ.

WRIGHT, J.

## NATURE OF CASE

Following the death of Emil C. Alberts, his surviving spouse, Lois M. Alberts, authorized her attorney to file a petition on her behalf to elect to take one-half of Emil's augmented estate under Neb. Rev. Stat. § 30-2313 (Reissue 2008). Emil's two nephews, Mark Alberts and Mike Alberts, as copersonal representatives of Emil's estate and as beneficiaries of Emil's trust (the appellants), challenge both the validity of Lois' petition and the county court's inclusion of the value of certain trust property into the calculation of Lois' elective share.

## BACKGROUND

Emil passed away in June 2013 and was survived by Lois and the appellants. After Emil's death, Lois hired an attorney who filed a petition with the county court for Custer County for Lois to elect one-half of Emil's augmented estate pursuant to § 30-2313.

In response to the petition for the elective share, the appellants objected to the petition's validity and to the calculation of Lois' elective share within it. The appellants alleged that the petition was not valid, because Neb. Rev. Stat. § 30-2315 (Reissue 2008) states that the right to an elective share may only be exercised by the surviving spouse, and Lois did not

sign or file the petition herself. The appellants also alleged that the value of certain property transferred during Emil's lifetime was improperly included in the augmented estate for purposes of calculating Lois' elective share; they argued that Lois consented to the transfer and that thus, the value of the property should have been excluded from the augmented estate under Neb. Rev. Stat. § 30-2314(c)(2) (Reissue 2008).

The property at issue was real estate transferred by deeds to Emil's revocable trust. Seventeen months prior to Emil's death, he and Lois jointly met with an attorney to put together an estate plan. In addition to Emil's living trust and will, the attorney prepared four deeds for them. Two of the deeds conveyed real property to Lois as trustee of Lois' trust. The other two deeds conveyed the real property at issue in this appeal, valued at $2,529,460, to Emil as trustee of Emil's trust. All four deeds were signed by both Emil and Lois on the same day that Emil's trust and will and Lois' trust and will were executed. Lois does not dispute that she signed the deeds and does not allege any fraud in the inducement.

The county court ultimately found that Lois' petition for elective share was validly filed and that the value of the property at issue should be included in the augmented estate for purposes of calculating Lois' elective share.

## ASSIGNMENTS OF ERROR

The appellants assign, combined and restated, that the county court erred in finding that the petition for elective share was validly filed and in failing to exclude from the augmented estate the value of the real estate transferred by deeds to Emil's trust under § 30-2314(c)(2).

## STANDARD OF REVIEW

[1,2] An appeal from the county court's allowance or disallowance of a claim in probate will be heard as an appeal from an action at law.[1] In reviewing a judgment of the probate court

---

[1] *In re Estate of Lamplaugh*, 270 Neb. 941, 708 N.W.2d 645 (2006).

in a law action, an appellate court does not reweigh evidence, but considers the evidence in the light most favorable to the successful party and resolves evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence.[2] The probate court's factual findings have the effect of a verdict and will not be set aside unless clearly erroneous.[3] On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.[4]

## ANALYSIS

[3,4] This case presents two issues involving statutory interpretation. The language of a statute is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.[5] When construing a statute, an appellate court must look to the statute's purpose and give to the statute a reasonable construction which best achieves that purpose, rather than a construction which would defeat it.[6]

### Validity of Petition for Elective Share

The first issue is whether the surviving spouse's claim for her elective share was properly filed. The appellants claim the petition for elective share was not valid, because it was signed and filed by Lois' attorney. The appellants concede that Lois verbally authorized her attorney to file the petition, but they assert that the petition was void, because the attorney signed and filed it, and Lois did not. We disagree.

---

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Robertson v. Jacobs Cattle Co.*, 285 Neb. 859, 830 N.W.2d 191 (2013).

[6] *In re Estate of Fries*, 279 Neb. 887, 782 N.W.2d 596 (2010).

Section 30-2315 provides in part that "[t]he right of election of the surviving spouse may be exercised only during his or her lifetime by him or her." That right may be exercised "by filing in the court and mailing or delivering to the personal representative, if any, a petition for the elective share."[7] Neither § 30-2315 nor § 30-2317 requires the surviving spouse to personally sign and file the petition. And we reject the appellants' argument that "[n]o one other than [Lois], her conservator or her agent under an appropriate power of attorney can have the authority to act for [Lois] in exercising her personal right to elect to take the elective share."[8]

The purpose of the statutory elective share is to protect the surviving spouse against disinheritance, and the purpose of § 30-2315 is to ensure that such protection is afforded only to the surviving spouse.[9] In other words, § 30-2315 prevents someone other than the surviving spouse, such as the surviving spouse's heir, from claiming the elective share for himself or herself. But § 30-2315 is clearly not meant to deprive the surviving spouse of his or her own elective share simply because the surviving spouse directed an attorney to sign and file the petition, rather than doing so himself or herself.

[5] Moreover, we have said that the power of the attorney to act for his client in an action is to be considered valid and sufficient until disproved.[10] Here, there is no evidence that Lois' attorney filed the petition without Lois' permission or direction; on the contrary, the appellants agree that Lois authorized her attorney to file the petition on her behalf. Accordingly, we find that Lois properly exercised her right of election by directing her attorney to file the petition on her behalf. We conclude that the petition for elective share was validly filed and that the appellants' first assignment of error is without merit.

---

[7] Neb. Rev. Stat. § 30-2317(a) (Reissue 2008).

[8] Brief for appellants at 19.

[9] See, *In re Estate of Fries, supra* note 6; Annot., 83 A.L.R.2d 1077 (1962).

[10] See *Koch v. Koch*, 226 Neb. 305, 411 N.W.2d 319 (1987).

CALCULATION OF
ELECTIVE SHARE

The second issue is whether the value of the real estate transferred by deeds to Emil's trust ($2,529,460) should be included in the augmented estate. The county court determined that it should, and the appellants disagree. The appellants argue that the value of the property at issue should be excluded from the augmented estate under § 30-2314(c)(2).

Section 30-2314 sets forth what is to be included in and excluded from the augmented estate. Subsection (a) generally sets forth what is to be included in the calculation, and subsection (c) excludes certain property otherwise includable under subsection (a).

Section 30-2314(a), in relevant part, includes in the augmented estate:

> (1) The value of property transferred by the decedent at any time during marriage . . . to or for the benefit of any person other than a bona fide purchaser or the surviving spouse, but only to the extent to which the decedent did not receive adequate and full consideration in money or money's worth for such transfer, if such transfer is a transfer of any of the following types:
>
> . . . .
> (ii) Any transfer to the extent to which the decedent retained at death a power alone or with any other person to revoke such transfer or to consume, invade, or dispose of the principal of the property for his or her own benefit.

The appellants concede that the property would be included in the augmented estate under subsection (a) of § 30-2314, if it were not excluded under subsection (c)(2).

Section 30-2314(c)(2) excludes from the augmented estate:

> Property transferred by the decedent to any person other than the surviving spouse by any . . . deed . . . joined in by the surviving spouse of the decedent or with the consent to transfer manifested before or after death of the decedent by a writing signed by the surviving spouse

of the decedent before, contemporaneously with, or after the transfer[.]

The county court found that § 30-2314(c)(2) did not apply. In its January 30, 2015, order, it stated:

Although [Lois] signed warranty deeds conveying the real estate to [the trust], [Emil] retained the power to revoke the trust and enjoy the benefits from the income of this trust during his lifetime, therefore, under §30-2314(a)[(1)](ii) the augmented estate must be increased by the value of the real estate. §30-2314(c)(2) is not applicable and cannot be used to exclude the real estate from the augmented estate, because [Emil] effectively retained possession and enjoyment and right to the income from the property.

We do not agree with the county court's conclusion that the deeds from Lois and Emil were transfers for purposes of subsection (a)(1) of § 30-2314 and were not excluded by subsection (c)(2). The plain language in § 30-2314(c)(2) excludes from the augmented estate certain "[p]roperty transferred by the decedent to *any person* other than the surviving spouse . . . ." (Emphasis supplied.) The rights reserved by Emil as the settlor of the trust do not control the determination of whether the transfer is excluded from the augmented estate. Rather, the question is whether a trust is a "person" for purposes of § 30-2314(c)(2). We find that it is. Although not cited by either party, Neb. Rev. Stat. § 30-2209 (Cum. Supp. 2014) sets forth general definitions of terms applicable to § 30-2314. Section 30-2209 states that the term "[p]erson means . . . an organization . . ." and that the term "[o]rganization includes a . . . trust . . . ."

Substituting the term "person" in § 30-2314(c)(2) with the term "trust," we find that subsection (c)(2) clearly applies and excludes from the augmented estate the value of the property in question. Subsection (c)(2) excludes from the augmented estate "[p]roperty transferred by the decedent to any [trust] by any . . . deed . . . joined in by the surviving spouse of the

decedent or with the consent to transfer manifested before or after death of the decedent by a writing signed by the surviving spouse . . . ." Here, the property was transferred by Emil to his trust by deeds joined in by Lois, *and* with Lois' consent to the transfer manifested by her signature on the deeds. Lois joined in the transfer by Emil of the property to the trust, and the property was not part of the augmented estate.

Lois does not dispute that she signed the deeds. She does not allege any fraud in the inducement. Yet, Lois contends that her signature on the deeds was not a consent to the transfer. She argues that in order to be excluded under § 30-2314(c)(2), the consent must be to a transfer that diminishes the decedent spouse's estate. In support of her argument, Lois relies on our discussion of § 30-2314(c)(2) in *In re Estate of Fries*.[11] Her reliance is misplaced.

In *In re Estate of Fries*, a wife executed quitclaim deeds transferring her interest in three parcels of land (Properties) to her husband. The husband later recorded the quitclaim deeds and then transferred the Properties by deed to his children as joint tenants. The wife did not sign the joint tenancy deed. After the husband's death, the wife filed a petition for elective share and included the Properties in the augmented estate for purposes of calculating her elective share.

Both parties filed motions for summary judgment. The trial court sustained the personal representative's motion and dismissed the wife's petition for an elective share as augmented by the Properties described in the quitclaim deeds.

We held that the trial court erred in concluding as a matter of law that the Properties described in the quitclaim deeds should not be included in the augmented estate.

As an alternative basis for summary judgment, the personal representative of the husband's estate and the husband's children argued that even if the Properties were includable in the augmented estate under § 30-2314(a), the Properties should be excluded under subsection (c)(2), because the wife signed

---

[11] *In re Estate of Fries, supra* note 6.

the deeds transferring the Properties to her husband, thereby relinquishing her rights to inheritance.

We explained that the pertinent transfer for purposes of § 30-2314(c)(2) was the husband's transfer of the Properties to the children. Not only is such fact explicit in the statute ("[p]roperty transferred *by the decedent* to any person . . ." (emphasis supplied)), but we also explained why the decedent's transfer to his children, rather than the transfer *by the wife* to the decedent, comports with the policy of § 30-2314(c)(2):

> Logically, when a spouse agrees to a transfer of property that diminishes the eventual decedent's estate, the surviving spouse should not be allowed to reclaim the value of the transferred property in the augmented estate. But that principle is not implicated if a transfer did not remove the property from the decedent spouse's estate, because the consent of the surviving spouse to the transfer was *not* a consent to any corresponding diminution in the estate.[12]

When the husband presented three documents for the wife's signature, he told her the documents were for tax purposes. Most important was the fact the wife did not sign the deed transferring title of the Properties to the husband's children. The husband's deed of the Properties, and not the wife's execution of the quitclaim deeds, was the decisive transfer.

We concluded there was a genuine issue of material fact regarding whether the wife's execution of the quitclaim deeds to the husband should be interpreted as her written consent to the later transfer of the Properties to the children. We concluded the county court erred in entering summary judgment and dismissing the wife's petition for an elective share of the husband's estate, and we reversed the judgment and remanded the cause for further proceedings.

Based on our statements about diminution of the estate, Lois argues that § 30-2314(c)(2) does not apply to the transfer of the property, because the transfer did not diminish the estate.

---

[12] *Id.* at 899, 782 N.W.2d at 606 (emphasis in original).

She argues that Emil retained control over the property and could have terminated the trust at any time prior to his death and that therefore, the deeds to the trust did not diminish her husband's estate. Based on these presuppositions, Lois argues that her signature on the deeds could not have been a consent to relinquish her rights to the property.

But Lois misapplies our rationale in *In re Estate of Fries* regarding the effect of the quitclaim deeds from the wife to the husband. In that case, we explained that § 30-2314(c)(2) applies to transfers made by the decedent and consented to by the surviving spouse in writing. Although the quitclaim deeds were executed by the surviving spouse in writing, subsection (c)(2) did not apply, because the quitclaim deeds by the wife to the husband were not a transfer by the husband. Although the husband's deed to his children was a transfer made by the husband, the value of the Properties transferred was not excluded from the augmented estate under subsection (c)(2), because the wife did not consent to that transfer.

[6] Lois misconstrues *In re Estate of Fries* as adding a requirement to § 30-2314(c)(2) that in order to be excluded from the augmented estate, the transfer must diminish the decedent's estate. But an appellate court may not add language to the plain terms of a statute to restrict its meaning.[13] And our discussion of the diminution of the estate in *In re Estate of Fries* explained why the exclusion in subsection (c)(2) would apply to the transfer made by the husband (had the wife consented) and not to the quitclaim deeds from the wife to her husband. Whether the quitclaim deeds were a consent to the transfer by the husband to his children was a material issue of fact, which cause we remanded to the trial court.

Emil and Lois' transfer of property to the revocable trust *did* diminish the decedent's estate for purposes of calculating the elective share, because § 30-2314(c)(2) excludes transfers by the decedent to any person other than the surviving spouse by an instrument joined in by the surviving spouse. The fact

---

[13] *Black v. Brooks*, 285 Neb. 440, 827 N.W.2d 256 (2013).

that the trust was revocable during Emil's lifetime is irrelevant for purposes of subsection (c)(2), because the decedent did not revoke the trust while he was alive and cannot revoke it now. Unlike *In re Estate of Fries*, Lois joined in the transfer of the property to a person other than herself.

We find that the language within the deeds of the property, which contained Lois' signatures, is clear evidence that Lois joined in and consented to the transfer. The deeds state that both Emil and Lois convey the property to "EMIL C. ALBERTS, TRUSTEE OF THE EMIL C. ALBERTS LIVING TRUST." Nothing within the deeds suggests that Lois (or Emil in his personal capacity) retained any interest. Accordingly, we conclude that the value of the property at issue should be excluded from Emil's augmented estate.

This result is not only compelled by the clear language of the statute as explained above, but it also comports with the purposes of the elective share and augmented estate statutes. Those statutes work together to protect the surviving spouse from disinheritance, but also to prevent the surviving spouse from taking more than his or her "fair share" of the total wealth of the decedent.[14] Under these principles, Lois cannot include in her elective share the property transferred to Emil's trust by deeds signed by Lois.

## CONCLUSION

For the foregoing reasons, we affirm the county court's finding that the petition for elective share was validly filed. We reverse the finding that § 30-2314(c)(2) did not apply and remand the cause with directions to recalculate Lois' elective share consistent with this opinion.

Affirmed in part, and in part reversed
and remanded with directions.

Miller-Lerman, J., not participating.

---

[14] *In re Estate of Fries, supra* note 6, 279 Neb. at 892, 782 N.W.2d at 601.